UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,

                                               **MEMORANDUM &  ORDER**

          -against-

                                              96 CR 149 (RJD)
                                              20 CV 2201 (RJD)

DERRICK RILEY and
DONALD BROWN,

                          Defendants.
-----------------------------------------------------X
DEARIE, District Judge.

      Before the Court is a joint application by defendants Derrick Riley and Donald George

Brown for habeas relief under 28 U.S.C. §2255.  They seek to vacate their several convictions

under 18 U.S.C. §924(c) (Riley has four, Brown has seven) on the basis of United States v.

Johnson, 135 S. Ct. 2551 (2015), and United States v. Davis, 139 S. Ct. 2319 (2019), arguing

that certain of the charged §924(c) predicates no longer qualify as crimes of violence.  Also

before the Court are separate motions by each defendant (Riley through counsel, Brown pro se),

premised on certain narcotics-based counts of conviction, for a reduction in sentence pursuant to

§404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

      For the reasons to be discussed, the joint motion for federal habeas relief and the motions

for sentence reduction are denied in their entirety.

## BACKGROUND

      Following a seven-week jury trial on a 42–count Superseding Indictment (S-5), a jury

convicted Derrick Riley of a host of serious criminal offenses, including conspiracy,

racketeering, murder in aid of racketeering, money laundering, the running of a narcotics-based

continuing criminal enterprise ("CCE") under 21 U.S.C. §848, and multiple firearm counts in connection with these crimes in violation of 18 U.S.C. §924(c), all committed in his role as leader of the violent Brooklyn drug gang known as the "Nineties Posse." The jury also convicted co-defendant Donald George Brown, Riley's principal deputy and enforcer, of many of the same crimes. Together, these defendants were found responsible for six murders.

Riley was sentenced principally to five concurrent life sentences on his CCE, racketeering and murder convictions, while Brown, who was convicted of several additional murders, was sentenced principally to eight concurrent life terms.[1] For each defendant's Section 924(c) convictions, the Court also imposed the then-required additional stacked terms running consecutively to each other and to the life terms, resulting in aggregate sentences of life plus 125 years for Brown and life plus 65 years for Riley.

The judgments of conviction, entered on April 26, 1999 (Brown) and December 16, 1999 (Riley), were affirmed by the Second Circuit. United States v. Brown, Nos. 99–1230(L), 99–1762, 2002 WL 34244994 (2d Cir. April 26, 2002).[2] The Supreme Court denied certiorari.

---

[1] Both defendants received concurrent life sentences for Counts 1 (racketeering), 2 (racketeering conspiracy), 4 (murder of Donovan Brown), and 7 (murder of Mark Walters). The Court imposed additional concurrent life sentences as follows: on Riley for Count 31(continuing criminal enterprise) and on Brown for Counts 9 (murder of Renne Harris), 13 (murder of Paul Smith), 16 (murder of Hugh Walker), and 17 (murder of Mark Walker). See ECF Nos. 300, 373.

[2] The Second Circuit vacated "appellant*s'* conviction*s* on Count 32—the narcotics conspiracy count," id. at *2 (emphasis added), upon the government's concession that Count 32 was a lesser included offense of the continuing criminal enterprise charged as Racketeering Act Number 12 and in Count 31. Brown, however, was not convicted or even charged in Count 31, and as for Riley, the Court had already merged his Count 32 narcotics conviction with his Count 31 CCE conviction at sentence and imposed sentence only on Count 31. See ECF No. 373. Nevertheless, as the record reflects, on remand, this Court, in compliance with the Circuit's ruling, issued an order on July 1, 2002 formally dismissing Count 32 as to both Riley and Brown

Riley v. United States. 537 U.S. 933 (Oct. 7, 2002) (No. 02–5847); Brown v. United States, 537 U.S. 913 (Oct 7, 2002) (No. 02–5402).

## DISCUSSION

## I.

### The Motions Under 28 U.S.C. §2255

**A.     Procedural History**

The defendants' current application for federal habeas relief is their second, this Court having initially denied habeas relief in a 2010 Memorandum and Order.  Brown v. United States, 2010 WL 2594640 (E.D.N.Y. June 23, 2010).[3]  On June 9, 2016, within a year of the Supreme Court's Johnson decision, the defendants filed separate §2255 petitions first raising the claims now before the Court.  ECF Nos. 440, 441.  By orders dated July 20, 2017, this Court dismissed those filings as successive petitions over which the Court lacked jurisdiction.  ECF Nos. 446, 447.  The common practice of transfer to the Second Circuit was not necessary, however, because Riley and Brown had also filed motions there seeking leave to file their successive applications here; the Circuit had initially stayed those motions pending decisions in other

_____

ECF No. 395.  Although the vacatur and dismissal of Brown's Count 32 narcotics conviction on the ground that it was a lesser included offense of a never-charged CCE count was error in his favor, the Court declines to exercise whatever authority it might have to correct that error at this time, as doing so would have no practical effect given that Brown's aggregate sentence on the other counts of conviction is eight concurrent life terms plus 125 years.

[3] The Court rejected defendants' claims involving the admission of lay opinion testimony, the effectiveness of trial and appellate counsel, the Confrontation Clause, and the applicability of Booker v. United States, 543 U.S. 220 (2005), and United States v. Whitley, 529 F.3d 150, reh'g denied, 540 F.3d 87 (2d Cir. 2008).

<u>Johnson</u>-based cases then pending in the Supreme Court and Second Circuit. By mandate dated May 15, 2020, the Second Circuit terminated its stay and granted Riley and Brown leave to file their successive §2255 motions on the basis of their argument that two of the predicates for certain of their §924(c) convictions—conspiracy to commit murder and conspiracy to commit robbery—were no longer categorical crimes of violence after <u>Johnson</u> and <u>Davis</u>. <u>Brown v. United States</u>, No. 16-2201 (L) (2d Cir. May 15, 2020), ECF No. 477.

The Circuit's mandate also included this important caveat:

> We acknowledge that Petitioners' §924(c) conviction might still be supported by a valid predicate, even if one of the predicates is no longer valid after <u>Johnson</u> and <u>Davis</u>. However, making that determination in the present case would require detailed review of the criminal proceedings and factfinding that the district court is better suited to perform... . [T]hat type of detailed review and factfinding is generally inappropriate in a gatekeeping proceeding where the Court only needs to determine whether a prima facie showing has been made and the Court is statutorily required to reach a decision quickly.

<u>Id.</u> at 2.

The Circuit also acknowledged that it had "not examined all of the Petitioners' challenges to their §924(c) convictions," and that it did not have the entire record before it, having relied only on the parties' submissions and the presentence reports. <u>Id.</u>

**B.      Relevant Features of the Record**

Relevant to the <u>Davis</u>-based motion for §2255 relief, Brown's seven §924(c) convictions are Counts 5, 8, 10, 14, 18, 21, and 30; Riley was convicted on four of the same counts—5, 8, 21, and 30. The charging language is as follows:

<u>Count 5</u> (Brown and Riley): using a firearm in connection with the crimes charged in Count 3, conspiracy to murder Donovan Brown in aid of racketeering, and Count 4, the murder

4

of Brown in aid of racketeering. S-5 at ¶¶ 51-56.[4] The murder and murder conspiracy were also charged as Racketeering Act Number 1 under Count 1. Id. at ¶¶ 13-15.

Count 8 (Brown and Riley): using a firearm in connection with the crimes charged in Count 6, conspiracy to murder Mark Walters in aid of racketeering, and Count 7, the murder of Walters in aid of racketeering. Id. at ¶¶ 57-61. The murder and murder conspiracy were also charged as Racketeering Act Number 2 under Count 1. Id. at ¶¶ 16-18.

Count 10 (Brown): using a firearm in connection with the crime charged in Count 9, the murder of Renne Harris in aid of racketeering. Id. at ¶¶ 62-64. This murder was also charged as Racketeering Act Number 3 under Count 1. Id. at ¶ 19.

Count 14 (Brown): using a firearm in connection with the crimes charged in Count 12, conspiracy to murder Paul Smith in aid of racketeering, and Count 13, the murder of Smith in aid of racketeering. Id. at ¶¶ 66-70. The murder and murder conspiracy were also charged as Racketeering Act Number 4 under Count 1. Id. at ¶¶ 20-22.

Count 18 (Brown): using a firearm in connection with the crimes charged in Count 15, conspiracy to murder Hugh Walker and Mark Walker in aid of racketeering; Count 16, the murder of Hugh Walker in aid of racketeering; and Count 17, the murder of Mark Walker in aid of racketeering. Id. at ¶¶ 71-75. These two murders and the murder conspiracy were also charged as Racketeering Act Number 5 under Count 1. Id. at ¶¶ 23-26.

Count 21 (Brown and Riley): using a firearm in connection with the crimes charged in Count 19, conspiracy to murder "suspected members of a rival organization based in the vicinity

---

[4] Unless otherwise indicated, all references in S-5 to the substantive and conspiracy crimes of murder in aid of racketeering cite 18 U.S.C. §1959(a)(1) and (a)(5), respectively.

of Sheffield and Livonia Avenues, Brooklyn, New York," in aid of racketeering; and Count 20, assault with a deadly weapon of "suspected members of a rival organization, in the vicinity of Sheffield and Livonia Avenues, Brooklyn, New York," in aid of racketeering, 18 U.S.C. §1959(a)(3). Id. at ¶¶ 78-82. The same conduct was charged as Racketeering Act Number 6 under Count 1. Id. at ¶¶ 27-29.

Count 30 (Brown and Riley): using a firearm in connection with the crimes charged in Count 27, Hobbs Act robbery conspiracy, and Count 29, substantive Hobbs Act robbery, both in violation of 18 U.S.C. §1951. Id. at ¶¶ 89, 91-92. The same conduct was charged as Racketeering Act Numbers 8 and 9 under Count 1. Id. at ¶¶ 34-35.

## C.     Legal Standard

The principles announced in and since Davis and Johnson are well established and require little discussion. As summarized by the Second Circuit, "[a]lthough prior to the Supreme Court's decision in Davis, 139 S. Ct. 2319, §924(c) also contained an alternative definition of crime of violence in subpart (c)(3)(B), for purposes of §924(c) a 'crime of violence' is now defined only as a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" United States v. McCoy, 995 F.3d 32 (2d Cir. 2021) (quoting, 18 U.S.C. §924(c)(3)) (emphases omitted).

Under this post-Davis standard, it is established, as the defendants recognize, that both assault in aid of racketeering and murder in aid of racketeering continue to qualify as crimes of violence for §924(c) purposes,[5] while conspiracy to commit murder, as the government

_____

[5] United States v. Sierra, 782 F. App'x 16, 20 (2d Cir. 2019) (summary order) ("[M]urder is a crime involving the use of [physical] force.... [a]ccordingly, [defendant]'s convictions are crimes of violence within the meaning of 18 U.S.C. §924(c)."); United States v. Williams, 00-CR-1008

concedes, does not.  ECF 485 at 5-6.[6]

Finally, although neither the Supreme Court nor the Second Circuit has yet addressed in a binding precedential decision the post-Davis status of §924(c) convictions resting on both valid and invalid predicates, the Circuit has, in several summary orders, plainly rejected the theory that Riley and Brown advance here, namely, that the presence of one invalid predicate automatically invalidates the §924(c) conviction.  See, e.g., United States v Minaya, 841 F. App'x. 301, 303-05 (2d Cir. Jan. 22, 2021) (upholding §924 conviction "rest[ing] on one valid predicate crime…and one arguably invalid predicate crime" because nature of charges and review of record left "no doubt that a rational juror would have convicted [the defendant] on the §924(c) charge even had [the valid predicate] been the sole predicate charged");[7] Cooper v. United States, No. 16-1925, Dkt. 42, at 1 (2d Cir. Feb. 20, 2019) ("[a]lthough Petitioner's §924(c) and (j) convictions were predicated on several crimes of violence, they also were predicated on drug trafficking crimes....[and] [b]ecause Petitioner's predicate drug trafficking crimes were not affected by

---

(NRB), 2021 WL 797672, at *5 (S.D.N.Y. Mar 2, 2021) ("There is no question that murder is a crime of violence under the force clause, which is unaffected by Davis"); United States v. Russell, 05-CR-401 (ILG), 2018 WL 3213274, at *3 (E.D.N.Y. June 29, 2018) ("murder in aid of racketeering is a felony and one of its elements requires the use of physical force against another person [so] it qualifies as a 'crime of violence' under the elements clause, not the residual clause, of §924(c)(3)"); DeJesus v. United States, 11 CR 974-03 (CM), 2019 WL 6711478, at *2 (S.D.N.Y. Dec. 10, 2019) ("assault in aid of racketeering [] continues to qualify as a crime of violence under Section 924(c)'s force clause").

[6] United States v. Dhinsa, 97 CR 672 (ERK), 2020 WL 7024377, at *3 (E.D.N.Y. Nov. 30, 2020) (government concedes that conspiracy to commit murder in aid of racketeering "does not qualify as a crime of violence under the elements clause" of §924(c)); Abrue v. United States, 16 CV 5052 (WHP), 2020 WL 4570338, at *3 n.6 (declining to decide whether conspiracy to murder in aid of racketeering is a crime of violence under the elements clause, gathers "Second Circuit summary orders  [that] vacate §924(c) convictions based on conspiracy crimes") (internal quotation and citation omitted) (collecting cases).

[7] A petition for certiorari in Minaya was filed April 26, 2021.

Johnson or Dimaya, his convictions under §924(c) and (j) remain valid"); United States v. Walker, 789 F. App'x 241, 244-45 (2d Cir. Oct 4, 2019) (rejecting Davis-based challenge to §924(c)convictions, reasoning simply that "[t]he §924(c) conviction of each Defendant rested on convictions for *both* conspiracy and substantive Hobbs Act robbery as the predicate crimes of violence") (emphasis in original); United States v. Vasquez, 672 F. App'x 56, 61 (2d Cir. 2016) (pre-Davis, rejecting Johnson-based challenged to §924(c) conviction predicated dually on robbery conspiracy, no longer a crime of violence, and narcotics conspiracy, which was unaffected by Johnson). Indeed, the Circuit announced this very principle in the mandate in this case, which states, "[p]etitioners' §924(c) conviction might still be supported by a valid predicate, even if one of the predicates is no longer valid after Johnson and Davis." ECF No. 477 at 2.

District courts in the Circuit, in lengthier decisions based on these Circuit orders, have followed suit. See, e.g., Dhinsa, 2020 WL 7024377, at *3 (rejects Davis-based challenge to §924(c) conviction for using a firearm in connection with murder and murder conspiracy, observing that "[c]ourts in the Second Circuit have consistently held that a §924(c) conviction may survive even when one of multiple predicates has been invalidated") (internal quotation and citation omitted) (collecting cases); Sessa v. United States, 92-CR-351 (ARR), 2020 WL3451567, at *3 (E.D.N.Y. June 24, 2020) (same, stating that "[t]he correct rule is that if a jury is instructed on both valid and invalid predicate offenses, the conviction stands if the verdict 'undoubtedly rests on a valid predicate'") (internal alteration omitted) (quoting, Vasquez, 672 F. App'x 56 at 61); United States v. Erbo, 97-CR-1105 (LAP), 2020 WL 6802946, at *2 (S.D.N.Y. Nov. 19, 2020) (same, observing that, "[w]hile the issue apparently has not been addressed in a

binding fashion by either the Supreme Court or the Court of Appeals, the bulk of authority counsels that, where a Section 924(c) conviction rests on both valid and invalid predicate crimes of violence, the valid predicate may sustain the conviction").

The underlying principle, a species of the "general verdict" rule originating with Yates v. United States, 354 U.S. 298, 312 (1957), is that "where the verdict is supportable on one ground, but not on another," the verdict should be set aside when "it is impossible to tell which ground the jury selected." Id. at 312. See also Minaya, 841 F. App'x at 304 (noting that "theory of error" in Davis challenge to multi-predicate §924(c) conviction "finds its origin in" Yates.) In Hedgpeth v. Pulido, 555 U.S. 57 (2008), while reaffirming the Yates rule that "[a] conviction based on a general verdict is subject to challenge if the jury was instructed on alternative theories of guilt and may have relied on an invalid one," id. at 58, the Supreme Court clarified that Yates-type errors "are not structural but instead trial errors subject to harmless-error review" under the standard announced in Brecht v. Abrahamson, 507 U.S. 619 (1993). Id., at 58. Under Brecht, collateral relief is authorized only if the error "had substantial and injurious effect or influence in determining the jury's verdict." Id. at 623. The Brecht standard is not met when a court can conclude that the jury "would have 'necessarily found' the defendant guilty on the valid ground." Rosario-Figueroa, 2020 WL 2192356 at *4 (quoting United States v. Zvi, 168 F.3d 49, 55 (2d Cir. 1999)). See Vasquez, 672 F. App'x at 60-61 (2d Cir. 2016) ("no Yates concern arises" when the two §924(c) predicate crimes are "inextricably intertwined" and, therefore, there is "no possibility that the jury's §924(c) verdict rested *only* on" the invalid predicate) (emphasis in original); United States v. Coppola, 671 F.3d 220, 237-38 (2d Cir. 2012) (Yates error harmless where "the jury necessarily would have had to" convict defendant on the basis of the valid

ground).  See also Minaya, 841 F. App'x at 304-305 (noting that Circuit has applied both a harmless-error and plain-error standard to Yates-based claims).

## D.  Analysis

### Count 10

Of the seven §924(c) counts challenged here, Count 10 requires no further discussion: it is predicated solely on murder in aid of racketeering, which, as noted, continues to qualify as a crime of violence post-Davis under the elements clause of §924(c).  Accordingly, Brown's Davis-based challenge to Count 10 does not present a basis for federal habeas relief.

### Counts 5, 8, 14, and 18

As noted, each of these four §924(c) counts contains this same valid predicate as Count 10, murder in aid of racketeering (with two murder predicates in case of Count 18), as well as conspiracy to commit murder in aid of racketeering, no longer a valid predicate.

The authorities reviewed above foreclose Riley's and Brown's claim that these four counts must be vacated because murder conspiracy is no longer a valid crime of violence.  Two other members of this Court—Judge Edward R. Korman, in Dhinsa, and Judge Allyne Ross, in Sessa—rejected the identical claim Riley and Brown advance here in analyses that guide this Court in reaching the same result.  In Dhinsa, pointing to the "direct and overwhelming evidence" of the defendant's "involvement in" the murder, Judge Korman found that, "it is clear beyond any reasonable doubt that the jury would have convicted Dhinsa of violating §924(c) had it been instructed that only [the two murder counts] were valid predicates."  Id.  Indeed, Judge Korman further concluded, "[t]he notion that Dhinsa's conviction under §924(c) was predicated *only* on a conspiracy to murder but not on his role in committing the same murder, is absurd."

Id. at 4.  In Sessa, framing the issue as "[whether the jury [ ] believed that [the defendant ] used a firearm in the murder," Judge Ross pointed to the "substantial evidence that Sessa shot [the victim]," and concluded that "[n]o rational jury would return a verdict of guilty on a §924(c) charge predicated on two conspiracies to commit murder with a firearm and the substantive offense of murder committed with a firearm, and not return the same verdict if predicated only on the murder committed with a firearm."  Id. at *5.

Likewise here: where the murder conspiracy and murder charges involve *the same murder*, the jury's finding of guilt on the murder count ought to end the analysis as it eliminates any reasonable possibility that the corresponding firearm conviction could have rested only on the conspiracy count.  See, e.g., Dhinsa, 2020 WL 7024377, at *4 ("[t]he notion that Dhinsa's conviction under §924(c) was predicated *only* on a conspiracy to murder but not on his role in committing the same murder, is absurd.").  The unavailability of the trial transcript does not create grounds for speculating otherwise: what portions of the record are available allow no serious dispute about the general content of the government's proof, which established each defendant's actual participation in the murder he was convicted of committing.[8]  There is simply

_____

[8] Having a vivid recollection of the trial, the Court has also reviewed the government's summary of the evidence in its brief to the Second Circuit on Riley's and Brown's direct appeal which, unlike its submission on these motions, offers page citations to the now unavailable trial transcript.  The summary does not conflict with the factual presentations each defendant offered to the Circuit.  Compare Brief for the United States at 8-28 with Brief for Defendant-Appellant Derrick Riley at 12-22 and Brief for Defendant-Appellant Donald George Brown at 2.

The government's case included testimony from cooperators Kirk Lyons, a Los Angeles-based drug supplier to the Nineties Posse, and Bertram Bucknor, Riley's driver.  Relevant here, (i) with respect to the murder of Donovan Brown (predicate for Brown's and Riley's Count 5 §924(c) conviction), Bucknor testified that Riley planned the shooting, and that Riley and Brown committed it, with Riley using an assault rifle and Brown a handgun; (ii) with respect to the murder of Mark Walters (predicate for Brown's and Riley's Count 8 §924(c) conviction), Lyons

no reasonable interpretation of the facts under which the jury, having found beyond a reasonable doubt that the defendants committed the specific killings charged in the substantive predicates and corresponding racketeering acts, would have found that a firearm was used only in connection with the conspiracies to murder but not the actual murders. See Vasquez, 672 F. App'x at 61 ("no Yates concern arises" in §924(c) conviction resting on valid and invalid predicate when there is "no possibility that the jury's §924(c) verdict rested *only* on" the invalid predicate) (emphasis in original); Coppola, 671 F.3d at 237-38 (Yates error harmless where "the jury necessarily would have had to" convict defendant on the basis of the valid ground).

The defendants' challenges to Counts 5, 8, 14, and 18 therefore do not establish a basis for federal habeas relief.

Count 21

Count 21 is analytically identical to the four murder-based counts just discussed in that it contains an invalid predicate (conspiracy to murder in aid of racketeering) along with a crime that remains a valid predicate post-Davis—here, assault with a deadly weapon in aid of racketeering rather than murder. See DeJesus, 2019 WL 6711478, at *2 ("assault in aid of racketeering [] continues to qualify as a crime of violence under Section 924(c)'s force clause").

Further, as with the §924(c) counts predicated on murder and murder conspiracy, here in Count 21 the conspiracy and substantive predicates also involve the same victims (the suspected

---

testified to witnessing Brown's and Riley's carrying out of the murder while Bucknor testified to Riley's planning of it; (iii) with respect to the murder of Paul Smith (predicate for Brown's Count 14 §924(c) conviction), Lyons testified that Brown told him the following day how he committed the murder; and (iv) with respect to the murder of Hugh and Mark Walker (predicates for Brown's Count 18 §924(c) conviction), Lyons and Bucknor each testified to descriptions of the crimes given them by Brown.

members of a rival organization based in the vicinity of Sheffield and Livonia Avenues in Brooklyn). Thus, although the defendants succeeded only in assaulting rather than killing their intended victims, the conspiracy and substantive predicates are no less inextricably intertwined in Count 21 than the murder and murder conspiracy predicates in Counts 5, 8, 14 and 18.[9] Thus, there is no possibility that the convictions for use of a firearm in connection with these crimes rested only on the conspiracy conviction and not the conviction for the actual assault. Accordingly, the defendants' <u>Davis</u>-based challenge to Count 21 does not present a basis for federal habeas relief.

Count 30

Predicated on Hobbs Act robbery (Count 27) and conspiracy to commit that crime (Count 29), Count 30 also contains both a valid and an invalid predicate. See <u>McCoy</u>, 995 F.3d at 53 ("It is now established that Hobbs Act conspiracy is not a crime of violence within the meaning of §924(c)" while "[d]efendants' contention that Hobbs Act robbery is also not a crime of violence within the meaning of §924(c). . . is contrary to the law of this Circuit."). Defendants' <u>Davis</u>-based challenge to their Count 32 §924(c) conviction fails for the same reasons as their challenge to the other gun counts: there is no reasonable interpretation of the facts under which the jury, having found beyond a reasonable doubt that the defendants committed the specific robbery charged in Count 29 and Racketeering Act Number 12, would have found that a firearm

---

[9] The government's trial evidence included testimony from Bucknor that Riley and others engaged in a series of drive-by shootings of the adversaries of one of Riley's business partners, and a series of missions to locate and shoot the member of another rival posse near its base of operations. Two individuals were injured as a result. See Gov't App Br. at 26-27.

was used only in connection with the conspiracy to commit that robbery but not in the robbery itself.[10]

In their joint pro se submission Riley and Brown furnish the Court with copies of three decisions that do not require a different result here. ECF No. 484 at 11-29. Two are summary orders of the Second Circuit, United States v. Lin, 792 F. App'x 139 (2d Cir. Feb. 6, 2020), and United States v. Delcid, 779 F. App'x 43 (2d Cir. Oct. 7, 2019), that are materially distinguishable because in each, the no-longer-valid crime of violence (extortion in Lin, Hobbs Act conspiracy in Delcid) was the *sole* charged predicate. The third case on which defendants rely is United States v. Rodriguez, 94 CR 313 (CSH), 2020 WL 1878112 (S.D.N.Y. Apr. 15, 2020). There, the Court vacated the §924(c) conviction of two defendants predicated on murder and murder conspiracy because, *inter alia*, a Pinkerton charge was given and nothing in the record eliminated the possibility that even the substantive convictions might have rested on a jury conspiracy finding. Id. at *8-18. Rodriguez is distinguishable because the available record confirms that the Court did not give a Pinkerton charge in this case. See Appendix on Appeal for Defendant-Appellant Donald George Brown, Second Circuit 99-1230L, ("Brown App. Appx.") at A791-A945 (Trial Transcript at 5122-5276).

In sum, the §2255 application does not present a basis for federal habeas relief with respect to any of Riley's or Brown's §924(c) convictions.

---

[10] With respect to the conduct for which the jury convicted Riley and Brown in Counts 29 and 30 Racketeering Act 12, the jury heard recordings of conversations among Riley, Brown and others about their commission of an armed robbery of a marijuana dealer in June 1995, and testimony from Bucknor explaining the meaning of the coded terminology they used. Gov't App. Br. at 30-31.

## II.

### The Motions for Sentence Reduction under
### Section 404 of the First Step Act

**A.  Legal Standard**

Section 404 of the First Step Act provides that, "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  First Step Act, Pub. L. No. 115-391, §404(b), 132 Stat. at 5222.  The "Fair Sentencing Act was passed to restore fairness to Federal cocaine sentencing and modified only the statutory penalties for crack offenses."  United States v. Young, __ F.3d __, 2021 WL 1997203, at *7 (2d Cir. May 19, 2021) (internal alteration, quotation and citation omitted).

A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act that was committed before August 3, 2010."  Id., §404(a).  "Section 2 of the Fair Sentencing Act modified the 'statutory penalties' of two federal criminal statutes—21 U.S.C. §§841(b)(1)(A)(iii) and (B)(iii)—by increasing the quantities of crack required to trigger the mandatory minimum sentences prescribed by those statutes; Section 3 of the Fair Sentencing Act modified the statutory penalty in 21 U.S.C. §844(a) by eliminating it altogether."  Young, __ F.3d at __, 2021 WL 1997203, at *7 (citing, Fair Sentencing Act §§2-3, 124 Stat. at 2372).

Even if a defendant's conviction is for a covered offense, relief under Section 404 is entirely discretionary.  See generally United States v. Moore, 975 F.3d 84, 87 (2d Cir. 2020) (relief under the First Step Act is "is discretionary . . . and a district judge may exercise that discretion to deny relief where appropriate") (internal quotation and citation omitted); United

States v. Holloway, 956 F.3d 660, 666 (2d Cir. 2020) ("The First Step Act is clear that it does not 'require a court to reduce any sentence'") (quoting §404(c)); United States v. Rose, 379 F. Supp. 3d 223, 233 (S.D.N.Y. May 24, 2019) ("Congress clearly intended relief under §404 of the First Step Act to be discretionary").

"A district court considering a motion for a sentence reduction under the First Step Act must conduct a two-part inquiry. First, the court must determine whether the defendant is eligible for a reduction. Second, if the defendant is eligible, the court must determine whether, and to what extent, to exercise its discretion to reduce the sentence." Moore, 975 F.3d. at 89. In making the initial determination, a court examines only the statute of conviction, not the relevant conduct. See United States v. Johnson, 961 F.3d 181, 187 (2d Cir. 2020) ("agree[ing]" with the six other circuits that "[i]n one way or another, [have] concluded that it is the statute under which a defendant was convicted, not the defendant's actual conduct, that determines whether a defendant was sentenced for a 'covered offense' within the meaning of Section 404(a)." Johnson, 961 F.3d at 187.

## B.     Analysis

Riley, through counsel's sprawling submission, identifies as many as five of his counts of conviction as narcotics-related and therefore, in his view, covered offenses. They include Counts 32 (narcotics conspiracy), 35 (narcotics distribution), 36 (attempted narcotics distribution), and 37 (attempted narcotics distribution). Riley also asserts that his Count 31 CCE conviction is a covered offense because the underlying conduct is narcotics trafficking. Brown, who was not charged in Counts 31, 35 or 37 and was acquitted on Count 36, argues in his pro se submission that his Count 32 narcotics conspiracy conviction is a covered offense. ECF No. 454.

Comprehensive analysis of whether these specific counts are covered offenses, however, would be academic here in light of the gravity of each defendant's crimes. Indeed, even if the defendants established Section 404 eligibility, the only conscionable exercise of this Court's discretion would be to leave the sentences intact. See United States v. Emile Dixon, 01-CR-389 (RJD) ECF No. 269, Mem. & Order dated Sept. 29, 2020 at 1, 4 (concluding on Section 404(a) motion that gravity of defendant's offenses obviates need for plenary "eligibility" analysis).

In any event, none of the cited counts of conviction renders either defendant eligible for sentencing reduction. Counts 35 through 37 charged Riley with violations of Sections 841(a)(1) and subdivision (ii) of Section 841(b)(1)(B) involving *powder* cocaine; this is not one of the offenses involving crack cocaine whose penalties were modified by the Fair Sentencing Act of 2010. See Young, 2021 WL 1997203, at *8 (reiterating earlier Circuit holding that the "relevant statute" for "covered offense" purposes is "the specific subsection of Section 841(b) that the defendant was convicted of violating"). Counts 35 through 37, therefore, are not covered offenses.

Count 32, by contrast—and contrary to the government's argument that the no counts involved cocaine base—did charge both defendants with violating subdivision (iii) of Section 841(a)(1)(A) involving, inter alia, "cocaine and cocaine base," as documented in both the superseding indictment and the Court's charge. See S-5 at ¶ 94; Brown App. Appx. at A-855-56 (Trial Transcript at 5186-87). Thus, Count 32 would be a "covered offense" under the plain reading of the statutory definition of that term and Circuit precedent. See Holloway, 956 F.3d at 664-65. As discussed supra at note 2, however, neither defendant stands before the Court today convicted on that count, so neither is eligible for the sentence reduction authorized by Section

404 of the First Step Act.  See United States v. Martin, 974 F.3d 124, 138 (2d Cir. 2020) ("The First Step Act … provides no text authorizing a court to alter sentences other than those imposed for violations of a 'covered offense.'… Thus, section 404(b)'s text, along with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence.").

Finally, with respect to Riley's Count 31 CCE conviction—and again, were it even necessary for the Court to reach the eligibility question—there would arise the question of whether that count acquired the covered-offense status of its crack-cocaine-based lesser included offense, Count 32, when the crimes were merged at sentencing.  But because there is no possibility the Court would exercise discretion to reduce Riley's sentence, the Court declines to reach that question in this case.[11]  Further, even if the CCE count were a covered offense and the Court were to reduce or even vacate the life sentence imposed on that count, the result would have no practical effect on Riley's actual sentence, which includes four other concurrent life terms plus 65 consecutive years on the firearm counts.

In sum, for all of the foregoing reasons Riley's and Brown's motions for sentence reduction under Section 404(a) of the First Step Act are denied.

**C.  Riley's Additional Arguments**.

The Court briefly addresses the principal additional arguments that Riley has raised in a lengthy submission captioned "Derrick Riley's Motion for Reduced Sentence Pursuant to Sections 404 and 403 of the First Step Act."  ECF No. 449.

---

[11] The unique facts upon which this Court reached a similar issue and granted relief in United States v. Burrell, 97 CR 998 (RJD), 2020 WL 5014783 (E.D.N.Y. Aug. 25, 2020), are simply not present here.

First and foremost, none of these additional claims is properly before this Court on a motion under Section 404(a) of the First Step Act. See Moore, 975 F.3d at 91 ("It would contravene the statutory text to interpret the First Step Act to require a district court to give retroactive effect to additional legal provisions not driven by the Fair Sentencing Act, or to require a district court to engage in collateral review of other unrelated issues that were previously adjudicated.").

In any event, none of these claims presents a basis for the grant of a reduction in sentence or other relief.

The branch of Riley's motion that purports to arise under Section 403(a) of the First Step Act, rather than Section 404, does not present a basis for relief. Section 403 of the First Step Act amended 18 U.S.C. §924(c) to eliminate the "stacking" of multiple sentences in a single prosecution. See Pub. L. 115-391, §403(a), 132 Stat. 5194 (codified at 18 U.S.C. §924(c)(1)(C)). The amendment is inapplicable to Riley because Congress did not give it retroactive effect. See id. §403(b), 132

Riley also argues that "[t]he Indictment Fails to State an Offense in Violation of the Fifth Amendment." ECF No. 449 at 9. In essence this is a claim, based on Apprendi v. New Jersey, 530 U.S. 466 (2000), that the indictment is defective because it did not charge a specific drug quantity. Riley raised this claim on his direct appeal, where it was rejected by the Second Circuit, which held that, "in light of Riley's multiple concurrent life sentences on various racketeering and murder counts, [] any Apprendi error with respect to the narcotics counts was harmless." Brown, 2002 WL 34244994, at *6.

Revisiting a stale issue in federal sentencing jurisprudence, Riley also asserts that the

19

Sentencing Reform Act of 1984 violates the Fifth Amendment and the separation-of-powers principle. The Supreme Court rejected this claim more than three decades ago, in <u>Mistretta v. United States</u>, 488 U.S. 361 (1989), and reaffirmed that holding more than fifteen years later in <u>United States v. Booker</u>, 543 U.S. 220, 243 (2005) ("Our holding today does not call into question any aspect of our decision in <u>Mistretta</u>."). Further, to the extent Riley's attack on the Sentencing Reform Act of 1984 is that it was the source of the Guidelines that were mandatory at the time of his sentence but later declared unconstitutional in <u>Booker</u>, the claim still fails because Riley's conviction became final several years before <u>Booker</u> was issued and <u>Booker</u> is not retroactive. <u>Guzman v. United States</u>, 404 F.3d 139, 144 (2d Cir. 2005). For this reason this Court rejected the same <u>Booker</u> claim advanced by Brown in the decision denying Riley's and Brown's first Section 2255 petition. <u>See</u> <u>Brown</u>, 2010 WL 2594640, at *13.

Riley also argues that "[t]he Fair Sentencing Act of 2010 and 18 U.S.C. §841 violate the Due Process Clause of the Fifth Amendment." ECF No. 449 at 4. The argument so labelled also includes the First Step Act in its broad charge of unconstitutionality. The principal theme of the claim is the disparity between powder and crack cocaine sentences. <u>See</u> <u>id.</u> at 4-7. As a threshold matter, the vacatur of Riley's sole count of conviction involving crack cocaine would appear to strip him of standing to even raise this claim. More importantly, it is unclear what Riley is identifying as the constitutional infirmity in the Fair Sentencing and First Step Acts, as they are the very statutory scheme through which Congress has sought to address that crack-to-powder disparity. <u>See generally</u> <u>Dorsey v. United States</u>, 567 U.S. 260, 269 (2012) (Congressional objective when enacting the 2010 Act was to lower the crack-to-powder ratio from 100-to-1 to 18-to-1); <u>United States v. Johnson</u>, 961 F.3d 181, 182 (2d Cir. 2020) (The First

Step Act, by making the 2010 Act retroactive, is "Congress's latest effort to address the longstanding disparity in federal statutory penalties for crack and powder cocaine offenses"). Finally, even before the 2010 legislation redressing the disparity, the Second Circuit "repeatedly rejected th[e] argument" that "21 U.S.C. §841(b) violates the equal protection component of the Fifth Amendment's Due Process Clause because there is no rational basis for the disparity between sentences for powder and crack cocaine." United States v. Samas, 561 F.3d 108, 110 (2d Cir.), cert. denied, 558 U.S. 937 (2009).

## CONCLUSION

For all of the foregoing reasons, the Court finds that each of defendant Brown's and Riley's convictions for violation of 18 U.S.C. §924(c) is adequately supported by a valid crime-of-violence predicate. According, their joint motion under 28 U.S.C. §2255 to vacate their §924(c) convictions (ECF Nos. 479, 484, 490) are denied. The defendants' motions for a reduction in sentence under the First Step Act (ECF No. 449, 454) are also denied.

Because neither Brown nor Riley has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. §2253(c)(2), no certificate of appealability shall issue. This order closes the corresponding civil matters.

SO ORDERED.

Dated: Brooklyn, New York
        May 26, 2021

                                        ____s/_____
                                        RAYMOND J. DEARIE
                                        United States District Judge